UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY RUTHERFORD,

    Plaintiff,

                                    Case No. 15-11700

v.

                                    Hon. John Corbett O'Meara

COUNTRY FRESH, L.L.C.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, which has been fully briefed. The court heard oral argument on May 19, 2016, and took the matter under advisement. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**BACKGROUND FACTS**

Plaintiff Randy Rutherford alleges that his former employer, Country Fresh L.L.C., discriminated against him based upon his age, disability, and medical leave under the Family and Medical Leave Act. Rutherford was employed as a Territory Sales Representative ("TSR"), selling milk and ice cream to stores in Michigan. As of February 2013, Country Fresh had six sales territories in Michigan, each

covered by a TSR. Rutherford's direct supervisor was Paul Karins, who was supervised by Craig MacMillan.

Rutherford had several knee surgeries and two knee replacements beginning in 2011. After a knee surgery in January 2013, Rutherford returned to work with light duty restrictions. In May 2013, Rutherford again went on medical leave for knee surgery. On July 22, 2013, he obtained a release to return to work with restrictions, including no extensive walking or bending. Country Fresh did not allow Rutherford to return to work because it did not believe he could perform the essential functions of his job. Rutherford returned to work, without medical restrictions, on August 26, 2013.

On that date, Country Fresh informed Rutherford that his position had been eliminated as a result of a decline in the company's business. Over the past several months, MacMillan had worked on a plan to reduce the number of TSRs in Michigan from six to three. Initially, MacMillan eliminated two positions in March 2013. These positions were held by Al Pugliese (age 65) and Gary Protsman (age 60). Rutherford's southeastern Michigan territory was then expanded to include the territory once covered by Pugliese.[1]

---

[1] Pugliese filed suit against Country Fresh, alleging age discrimination. See Pl.'s Ex. 7, Pugliese v. Country Fresh, LLC, Case No. 13-14257 (E.D. Mich.) (Berg, J.) (Docket No. 18). There, the court denied Country Fresh's motion for summary judgment.

When Rutherford's position was eliminated in August 2013, he was 59 years old. The three remaining TSRs were Ann Kensa (age 52), Bruce Hartman (age 53), and Ralph Garver (age 41). Bruce Hartman's territory was expanded to include the territory once covered by Rutherford. MacMillan testified that he chose which positions to eliminate based on geography, the business needs in each territory, and where the TSR lived in relationship to the potential customers in the newly created territories. See Def.'s Ex. 3 at 30-36. The decision to terminate Rutherford's position was made by MacMillan, with "input" from Paul Karins, Bill Reilly (MacMillan's supervisor), and Kay Bowen (human resources).

Rutherford states that a TSR position (Northern Ohio ice cream) became available within six months of his termination, but the company did not offer it to him. Rutherford contends that he should have been offered the position based upon a provision in the company handbook, which provides that "[f]or a period of six months after a layoff, if an opening exists for which a laid-off employee is qualified, the laid off employee will be offered the position." Pl.'s Ex. 17. It is Country Fresh's position that this policy does not apply, because Rutherford was not "laid off" (temporarily out of work), but terminated. Def.'s Ex. 66, 68. In

---

Although Plaintiff suggests that this court should follow the Pugliese opinion, the Pugliese case involves a different time period and sufficiently different facts to offer little guidance here.

January 2014, the Northern Ohio ice cream TSR position was filled by James Gaertner, who was 38. Rutherford contends that he was "replaced" by Gaertner.

Rutherford filed his complaint on May 12, 2015, alleging the following causes of action: Count I, failure to accommodate and discrimination pursuant to the Americans with Disabilities Act; Count II, discrimination under the Persons with Disabilities Civil Rights Act; Count III, discrimination and retaliation under the Family and Medical Leave Act; Count IV, discrimination in violation of the Age Discrimination in Employment Act; and Count V, age discrimination in violation of the Elliott-Larsen Civil Rights Act. Defendant seeks summary judgment on all of Plaintiff's claims.

## LAW AND ANALYSIS

Rutherford argues that he was terminated because of his disability, age, and medical leave. Rutherford further argues that Country Fresh failed to accommodate his disability when he attempted to return to work with restrictions in July 2013.

### I.   Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts

and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.    Age Discrimination

The analysis of Plaintiff's age discrimination claims is essentially the same under both the ADEA and ELCRA.  See Bondurant v. Air Line Pilots Ass'n Int'l, 679 F.3d 386, 394 (6th Cir. 2012).  "To set forth a *prima facie* case of age discrimination using circumstantial evidence, a plaintiff must establish the four elements of the well-known *McDonnell Douglas* test: 1) that he was a member of a protected class; 2) that he was discharged; 3) that he was qualified for the position held; and 4) that he was replaced by someone outside of the protected class." Geiger v. Tower Automotive, 579 F.3d 614, 633 (6th Cir. 2009).  When the plaintiff is terminated in a reduction in force, the fourth element is modified to require "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Id. (citing Barnes v. GenCorp, Inc., 896 F.2d 1457, 1465 (6th Cir. 1990)).

Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action.  See Lefevers v. GAF Fiberglass Corp., 667 F.3d 721, 725 (6th Cir. 2012). Then "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation as pretextual." Id. (citation omitted). The plaintiff may show pretext by demonstrating that the employer's explanation "had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct." Id. at 725.

The parties do not dispute that the first three elements of Plaintiff's prima facie case are met.  As for the fourth element, Rutherford argues that he was replaced by James Gaertner and, therefore, he need not present additional evidence showing that he was singled out for impermissible reasons in a reduction in force.

To the contrary, the undisputed evidence demonstrates that Rutherford's position was terminated as a result of a bona fide reduction in force.  Further, Rutherford was not replaced by Gaertner, who was hired approximately six months after Rutherford was terminated.  Although Gaertner's territory overlapped that of Rutherford's former territory, Gaertner did not assume Rutherford's job duties or his sales territory.  Barnes, 896 F.2d at 1465 ("[A] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other

duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.") Therefore, Rutherford was not replaced by Gaertner and he must present "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Id.

  Rutherford has not presented evidence that he was singled out for discharge based upon his age. He contends that Karins made comments to his customers like "I can't believe you still have this old – old dog or old –old man as our sales rep." Def.'s Ex. 4 at 82-91. Rutherford has not shown, however, that Craig MacMillian, as the decisionmaker, was influenced by Karins' comments or that they played a role in MacMillan's decision to terminate him. See Lefevers, 667 F.3d at 724 ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself [can not] suffice to satisfy the plaintiff's burden of demonstrating animus."). Moreover, the alleged comments are ambiguous and not clearly indicative of age-related bias. Cf. Sharp v. Aker Plant Servs. Grp., Inc., 726 F.3d 789, 798 (6th Cir. 2013) ("[G]eneral, vague, or ambiguous comments do not constitute direct evidence of discrimination because such remarks require a factfinder to draw further inferences to support a finding of discriminatory

animus.").

In addition, Rutherford has not presented evidence that Country Fresh's explanation for his termination was a pretext for discrimination. Rutherford argues that he was not actually terminated in a reduction in force because he was replaced by Gaertner and, therefore, Country Fresh's reason is false. As discussed above, however, Rutherford has not raised a question of fact regarding whether he was replaced. Rutherford also suggests that Country Fresh provided "shifting" reasons for his termination because Kay Bowen testified that it was because of "restructuring of territory as well as reviewing performance," whereas Craig MacMillan testified that he considered only geography, not performance. Pl.'s Ex. 3 at 20; Pl.'s Ex. 12 at 50. The evidence is consistent, however, that Rutherford was terminated as part of a reduction in force, and he has not presented evidence that would raise an inference that the reduction in force was not bona fide or that it did not actually motivate his termination. Nor has Rutherford presented evidence that would raise an inference that age played a role in the decision making process. For these reasons, the court will grant Defendant's motion for summary judgment on Plaintiff's age discrimination claims.

### III.   Discrimination under the ADA, PWDCRA, and FMLA

Like Plaintiff's age discrimination claims, his disability discrimination claims under the ADA and PWDCRA and retaliation claim under the FMLA are analyzed under the *McDonell Douglas* burden shifting framework. See Whitfield v. Tennessee, 639 F.3d 253, 258-59 (6th Cir. 2011) (ADA); Donald v. Sybra, Inc., 667 F.3d 757, 762 (6th Cir. 2012) (FMLA). The Michigan PWDCRA "substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim." Donald, 667 F.3d at 764.

Rutherford has presented no evidence suggesting that his termination had anything to do with his disability or his medical leave. Although he was discharged on the day he returned from leave, he has not shown that his leave was a motivating factor in the decision. Indeed, temporal proximity between the time Plaintiff took leave and his discharge, although probative, its insufficient to establish pretext. Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 317 (6th Cir. 2001) ("But such temporal proximity is insufficient in and of itself to establish that the employer's nondiscriminatory reason for discharging an employee was in fact pretextual."). Assuming Plaintiff could present a prima facie case of disability discrimination or FMLA retaliation, he has not shown that Country Fresh's explanation for terminating him was pretextual. The court will grant summary

judgment on Plaintiff's ADA, PWDCRA, and FMLA claims.

## IV. ADA Failure to Accommodate

In order to establish a prima facie case for failure to accommodate under the ADA, a plaintiff must show that: (1) the individual is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. DiCarlo v. Potter, 358 F.3d 408, 419 (6th Cir. 2004) (analyzing claim under Rehabilitation Act); Johnson v. Cleveland City Sch. Dist., 443 Fed. Appx. 974, 982-83 (6th Cir. 2011) (citing DiCarlo for elements of prima facie ADA case).

Rutherford argues that Country Fresh failed to accommodate his disability when it refused to allow him to return to work with light duty restrictions in May 2013, after having done so in January 2013. According to Rutherford, Country Fresh's human resources representative told him that it was the company's policy that no one could return to work with restrictions. Rutherford felt that he could do his job despite his restrictions on extensive walking, lifting, or bending. Country Fresh has not shown that Rutherford could not have done the essential functions of his job with those restrictions, and previously accommodated him by allowing him

to work with another individual when bending was required.  In light of these facts, Defendant has not demonstrated that it is entitled to summary judgment on Plaintiff's failure to accommodate claim.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  May 25, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 25, 2016, using the ECF system.

                                                s/William Barkholz
                                                Case Manager